## Struthers *versus* Clark.

On a transfer of certain shares of railroad stock, the assignor guarantied "that the said stock shall yield annually six per cent. dividends for the space of three years:" *Held*, that this was a guaranty that the stock was equal in value to one yielding an annual dividend of six per cent., and not merely that the assignee should receive six per cent. annually for three years on the par value of the stock.

In an action on such guaranty, the measure of damages is the difference between the actual value of the stock transferred, and one that would yield six per cent. dividends for the ensuing three years.

ERROR to the Court of Common Pleas of *McKean county.*

[Struthers v. Clark.]

This was a foreign attachment, in *assumpsit*, by Thomas Struthers against Merritt Clark, to recover damages for a breach of guaranty. The defendant entered an appearance and pleaded to issue.

On the 14th December 1852, Thomas Struthers and William A. Irvine entered into a contract with Merritt Clark, the defendant, by which they agreed to sell and convey to the defendant several thousand acres of land in McKean county, Pennsylvania, and in part payment thereof, Clark agreed to transfer to Struthers, the plaintiff, 200 shares of stock of the Rutland and Washington Railroad Company, of the par value of $100 each.

On the 1st February 1853, Struthers and Irvine conveyed the title to the lands to Clark, the defendant; and on the same day Clark assigned and transferred to Struthers the 200 shares of stock mentioned in the agreement, and executed the following guaranty:—

"Whereas, a certificate for 200 shares of the capital stock of the Rutland and Washington Railroad Company has this day been issued to Thomas Struthers, Esq., of Warren, Warren county, Pennsylvania, which 200 shares are a portion of the said stock paid by me in pursuance of a contract between the said Thomas Struthers and one William A. Irvine and myself, dated the 14th day of December 1852.

"Now, in consideration of the premises, I hereby guaranty that said stock shall yield annually 6 per cent. dividends for the space of three years from and after the 1st day of January, A. D. 1853, the first of said dividends to be payable on the 1st day of January, A. D. 1854; provided that if a dividend should be declared on said stock within three months from the 1st day of January 1856, I am to be allowed an equitable proportion of the same upon this guaranty.

"Dated at New York City, this 1st day of February, A. D. 1853.
                                        "M. CLARK.

"Witness: Chas. L. Williams."

The plaintiff brought suit on this contract, and on the trial he offered to prove "the value of such stock as is described in the guaranty of the 1st of February 1853; that the stock transferred was, at the time of bringing this suit, of no value, and not such stock as is described in the contract of guaranty; and that the Rutland and Washington Railroad Company has never declared any dividend." This evidence was offered for the purpose of showing the damage to which the plaintiff was entitled; the measure of damage being, as the plaintiff contended, the difference between the value of stock yielding an annual dividend of 6 per cent., and the value of the stock of the Rutland and Washington Railroad Company.

The defendant's counsel objected to this offer, on the ground

that the contract contained no guaranty of the value of the stock; but merely guarantied that it should yield annually 6 per cent. dividends for the space of three years after the 1st January 1853, payable as specified in the contract, and bound the defendant to make good such dividends, for the time specified, and nothing more.

The court (WHITE, P. J.) sustained the objection, and the plaintiff excepted. The learned judge thereupon charged the jury as follows :—

" This suit is brought on a contract of guaranty executed by defendant, bearing date the 1st February 1853.

" The plaintiff claims, as the measure of damages which he is entitled to recover, the difference between the value of the stock transferred to plaintiff, which he offered to prove to be valueless, or nearly so, and the value of a like amount of stock in a company yielding annually dividends of 6 per cent., and for the purpose of sustaining his claim offered to prove the value of the stock transferred, and of stock yielding 6 per cent. per annum.

" At the time this suit was brought, two instalments of 6 per cent. dividends on $20,000 of stock, amounting to $1200 each, had been due by the terms of the guarantee.

" Plaintiff does not claim to recover these dividends in this suit. To plaintiff's offer defendant objected, and the offer was excluded by the court. The point involved in this offer embraces the whole of the case. No further evidence is offered, and your duty will be discharged so far as respects this suit, by returning a verdict for defendant."

To this charge the plaintiff excepted; and a verdict and judgment having been rendered in favour of the defendant, the plaintiff sued out this writ, and here assigned for error: 1. The rejection of the evidence offered on the trial. 2. The charge of the court.

*Wetmore*, for the plaintiff in error.—This was the sale of a chattel with a guaranty of quality, and the measure of damages is the difference between the value of the chattel, if the warranty were true, and the actual value in point of fact: 2 *Greenl. Ev.* § 262; Cothers *v.* Keever, 4 *Barr* 168.

*Curtis*, for the defendant in error.—There were no words in the agreement between Clark and Struthers, which indicate that the defendant intended to guaranty that the stock was of the value of par stock, or that it would yield for ever any amount, or that it was of any value at all. The only guaranty was that the plaintiff should receive 6 per cent., or a sum equal to 6 per cent., for the space of *three years*, and no longer. If not paid, what would be the measure of damages? not the value of the stock, but

[Struthers *v.* Clark.]

the dividend of 6 per cent. for three years. This was what was stipulated for, and nothing else. The 6 per cent. was promptly paid as it became.due, therefore nothing is pretended to be due at the time of the commencement of this suit. If it could be construed that it was a guaranty that 6 per cent. should be produced from the stock for ever, still this suit could not be maintained, for the reason that the guaranty only provided for an annual dividend, which had been paid.

The opinion of the court was delivered by

WOODWARD, J.—This case was treated in the court below as if it involved no other question than the measure of damages.

The only objection to that mode of stating the question is, that it does not go to the root of the matter. The measure of damages is indeed a question in the case, but that depends on the meaning of the instrument of guaranty. The question, therefore, which lies at the bottom of the case, is a question of construction. Did the parties contract that the capital stock of the Rutland and Washington Railroad Company should yield annually 6 per cent. dividends for three years.; or did they intend that the defendant would secure to the plaintiff that rate of profit for three years on the 200 shares mentioned in the guaranty?

The first thing to be regarded in getting at the meaning and intention of contracting parties, is the language they have employed.

They begin by reciting the issue to Struthers of a certificate for 200 shares of the capital stock of the Rutland and Washington Railroad Company, and then follows the guaranty in respect to "*said*" stock. This word "said" may, without violence to language, be referred to either of the two antecedents—the general stock of the company, or the particular 200 shares for which Struthers had received the certificate. It is not very material which reference be made, for whichever was the antecedent intended, the undertaking was that it "should yield annually 6 per cent. dividends for the space of three years from and after the 1st day of January, A. D. 1853." Now dividends mean proportionate shares of the profits earned by the capital stock of a concern. When we speak of a dividend-paying stock, we characterize the whole capital stock, and express its quality. There is no such thing as dividends of fractional parts of an entire stock. Certain stockholders of a common stock, cannot be entitled to dividends in exclusion of others. Dividends accrue to all or none.

When these parties, therefore, stipulated that the capital stock of the Rutland and Washington Railroad Company, or 200 particular shares thereof, should "*yield*" (a word which implies a natural accretion from the business of the company) a dividend annually of 6 per cent., they used the common language of the

[Struthers *v.* Clark.]

day to express the value or quality of that stock; and if it proved incapable of yielding that measure of profits, there was breach of the guaranty.

The position and circumstances of the parties, as well as the consideration paid, tend to confirm the conclusion to which their words conduct us.

Struthers lived in Warren county, Pennsylvania. The contract was made in New York. Clark is said, though I see no evidence of it on the paper-book, to have been the president of this Vermont railroad company; but it is certain he was a large stockholder in it, and well acquainted with it. It was a new road, and had not yet acquired any general reputation with which Struthers could be supposed to be acquainted. He was selling Pennsylvania lands to Clark. Now it was not unreasonable that he should require a guaranty of the quality of a stock of which he had so little knowledge; nor is it strange that seeing a responsible man willing to guaranty it as a 6 per cent. stock for three years, he should have considered it would be capable of taking care of itself after that period. A railroad stock that would yield at that rate in the first three years of its life, would be likely to grow better as it grew older.

Such, then, we infer from the circumstances of the parties, as well as from their words, was the tenor of their agreement—a guaranty that the stock was of a quality to yield the specified dividend for three years. But it was not a stock of such quality. On the contrary, it is said to be worthless, or nearly so. Is then the measure of damages a matter of doubt? The rule in such cases is, the difference between the value of the stock transferred, and such a stock as this was guarantied to be: Dyer *v.* Rich, 1 *Metcalf* 192. How much more would such a stock have been worth to the plaintiff than that which he got?

The defendant imagines that he may escape by paying 6 per cent. per annum for three years on the shares transferred; but such was not his engagement. It was likened in the argument, not inaptly, to a sale of a cow, with warranty that she would produce so much milk for a given time. Nobody would doubt that such a contract would be a warranty of essential and intrinsic qualities in the cow, rather than a promise to pay the buyer the price of so much milk. So we think here. The plaintiff had a right to demand a stock that would yield, in the manner of stocks, the stipulated dividends; and failing to get it, he is entitled to damages according to the standard indicated.

The judgment is reversed and a *venire de novo* awarded.